38

**Mitchell Bedolla GARCIA,
Petitioner—Appellee,**

v.

**D.L. RUNNELS, Warden, Respondent—
Appellant.**

No. 04–16562.
D.C. No. CV–02–05480–CRB.

United States Court of Appeals,
Ninth Circuit.

Argued & Submitted May 12, 2005.

Decided Aug. 1, 2005.

---

Elizabeth M. Falk,Federal Public Defender's Office, San Francisco, CA, for Petitioner–Appellee.

Jill M. Thayer, Office of the California Attorney General, San Francisco, CA, for Respondent–Appellant.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

## MEMORANDUM*

The district court granted Mitchell Garcia's petition for a writ of habeas corpus

---

* This disposition is not appropriate for publication and may not be cited to or by the courts

and vacated his sentence. The state of California appeals. It asserts that the district court violated AEDPA's deferential review standards when it set aside the state court's factual findings as an unreasonable determination of fact under 28 U.S.C. § 2254(d)(2), held an evidentiary hearing to find the facts anew without adhering to the "presumption of correctness" under 28 U.S.C. § 2254(e)(1), and issued an order granting the writ in light of the evidence presented during the evidentiary hearing it conducted. Because the district court adhered strictly to the procedures set forth in our decision in *Taylor v. Maddox*, 366 F.3d 992 (9th Cir. 2004), we affirm.

This appeal revolves around a single factual finding by the state court: the California Court of Appeal's determination that Garcia rejected a 13 year plea offer not because of "any miscalculation of the maximum term of prison exposure," but rather because "it was the unacceptable length of the prison term contained in the offer that was itself unacceptable." As a result of this fact-finding, the state court dismissed Garcia's ineffective assistance of counsel claim for lack of prejudice—finding that "it is not reasonably probable that the offer would have been accepted had trial counsel correctly calculated Garcia's maximum prison term exposure."

■ The district court did not err in concluding that the state court fact-finding was unreasonable and setting it aside under 28 U.S.C. § 2254(d)(2). First, the state court unreasonably based its fact-finding entirely on trial counsel's argument at Garcia's sentencing hearing. It was unreasonable for the state court to treat counsel's statement that the 13 year plea offer "was hard for a kid to accept" as a reliable declaration of Garcia's state of mind at the time of the plea negotiations, it was more likely a statement of what counsel believed or simply an argument aimed at generating sympathy for Garcia.

Second, even if counsel's statements could be treated as a reliable factual declaration of what Garcia thought, it was unreasonable for the state court to treat that statement as sufficient evidence that Garcia would have rejected the plea agreement regardless of the maximum sentence he faced—whether he was informed that his exposure was 13 years, 18 years, 25 years, or life imprisonment. *See Taylor,* 366 F.3d at 999 (noting that unreasonable factual determinations include those that are "unsupported by sufficient ... [or] substantial evidence in the state-court record").

Third, although the state court had only a thin and unreliable evidentiary record upon which to base its factual determinations, it employed an unreasonable fact-finding process by failing to conduct an evidentiary hearing at which the evidence essential to proving or disproving what Garcia might have done could be adduced. *See Taylor,* 366 F.3d at 1000 ("If, for example, a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly result in an 'unreasonable determination' of the facts.").

■ Because the district court properly set aside the state court's fact-finding as unreasonable under § 2254(d)(2), § 2254(e)(1)'s presumption of correctness and its clear-and-convincing standard of proof do not come into play. *See Taylor,* 366 F.3d at 1000. Moreover, contrary to the state's contentions, having properly set the finding aside, the district court was entitled to find facts without the need to

**40**

accord those findings any deference. Following an evidentiary hearing in federal court, the district court properly found as a matter of fact that Garcia was misinformed about the maximum exposure he faced and would have accepted the plea offer if properly informed. Its finding is not erroneous and is supported by the evidence in the record. The district court also properly concluded, on the basis of its factual findings, that the state court unreasonably applied clearly-established Supreme Court law in concluding that Garcia did not suffer ineffective assistance of counsel. This conclusion necessarily follows from the district court's factual findings. Finally, contrary to the state's argument, the defendant was diligent in his prosecution of his claim. He adequately raised his entitlement to a factual hearing in his state habeas petition and, in any event, did not fail to comply with any applicable California procedural requirement. *See Horton v. Mayle,* 408 F.3d 570, 582 n. 6 (9th Cir.2005). We therefore deny the state's appeal and affirm the district court's issuance of the writ.

AFFIRMED.